UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EX PARTE APPLICATION OF LÉA SCHWERY                 20-mc-727 (PKC)
ABDALLA UNDER 28 U.S.C. § 1782 TO TAKE
DISCOVERY[1]                                        OPINION AND
                                                    ORDER

-----------------------------------------------------------x

CASTEL, U.S.D.J.

On January 19, 2021, the Court denied an <u>ex parte</u> application (the "Original Application") brought by Léa Schwery Abdalla ("Ms. Abdalla") to take discovery in aid of a foreign proceeding (the "January 2021 Opinion and Order"). 28 U.S.C. § 1782. Ms. Abdalla seeks to leave to file an amended application addressing the deficiencies identified by the Court (the "Amended Application"). For the reasons that follow, the Court grants Ms. Abdalla leave to amend and grants the Amended Application.

BACKGROUND

The Court assumes familiarity with the factual background of this case, which is set forth in the Court's January 2021 Opinion and Order. (ECF 3 at 1-3.) In 2018, Ms. Abdalla filed suit in the Federative Republic of Brazil against Retour Ativos Financeiros Ltda – Em Liquidação Judicial ("Retour"), previously known as Banco BMD S.A. Corretora de Câmbio e Valores Mobiliários ("Banco BMD"), and its controlling shareholders (collectively, the "Brazilian Defendants"). Ms. Abdalla contends that she is owed several million dollars based on a series of "flexible options contracts" she entered into with Banco BMD in the late 1990s. Ms.

---

[1] The Clerk is directed to amend the caption to reflect the identity of the applicant.

1

Abdalla now seeks to obtain discovery pursuant to section 1782 for use in that proceeding (the "Brazilian Proceeding").

Ms. Abdalla filed her Original Application on December 1, 2020. The Original Application sought the issuance of subpoenas directed to Clearing House Payments Company LLC ("CHIPS") and the Federal Reserve Bank of New York (the "Fed-NY") for records of transactions or transfers for 93 persons or entities over a 23-year period. The Court's January 2021 Opinion and Order denied the Original Application, concluding that although it satisfied the mandatory factors under section 1782, two of the discretionary factors listed in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 264-65 (2004), weighed heavily against it. (ECF 3.) On June 4, 2021, Ms. Abdalla filed a motion to amend her Original Application to address the deficiencies identified by the Court with respect to those two discretionary factors. (ECF 13.) She also submitted an Amended Application, (ECF 13-1), and revised subpoenas seeking to obtain records from CHIPS and the Fed-NY pertaining to 12 persons or entities (the "CHIPS Subpoena" and "Fed-NY Subpoena," respectively), (ECF 13-3; ECF 13-4). The CHIPS Subpoena appears to call for the production of records for the period from April 1, 2014, to the present.[2] (ECF 13-3 ¶ III(1).) The Fed-NY Subpoena calls for the production of records from May 1, 2014, to the present. (ECF 13-4 ¶ II(8).)

On December 22, 2022, the Court directed Ms. Abdalla to serve the Amended Application on the Brazilian Defendants, who were given until January 31, 2023, to respond. (ECF 15.) On January 6, 2023, Ms. Abdalla notified the Brazilian Defendants of her Amended Application and the Court's Order of December 22, 2022, by sending a copy of the documents to their residential addresses by courier. (ECF 16 at 1, Exs. B-F, H.) She also notified the

---

[2] The Court will disregard the conflicting paragraph II(8) of the CHIPS Subpoena, which states, "[t]his subpoena calls for the production of documents from May 1, 2014 to the present." (ECF 13-3 ¶ II(8).)

attorneys for the Brazilian Defendants by email and by courier on January 5 and January 6, 2023. (ECF 16 at 1, Exs. A, G-H.)  Counsel for Ms. Abdalla informed this Court by letter on February 28, 2023, that they had not received a response to any of the notifications.  (ECF 16.)  As of the date of this Order, the Brazilian Defendants have not filed any opposition to the Amended Application.

DISCUSSION

I.  Leave to Amend

Ms. Abdalla seeks leave to amend her Original Application.  Leave to amend should be "freely give[n] . . . when justice so requires."  Rule 15(a), Fed. R. Civ. P.  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Id.  The party opposing a motion to amend bears the burden of demonstrating that the proposed amendment is futile.  See, e.g., Lee v. Kylin Management LLC, 17-Civ-7249, 2019 WL 917097, at *3 (S.D.N.Y. Feb. 25, 2019) (citing Ouedraogo v. A-1 International Courier Service, Inc., 12-Civ-5651, 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013)).  There has been no opposition to Ms. Abdalla's motion for leave to amend by the counterparties in the Brazilian Proceeding, CHIPS, or the Fed-NY.

The motion for leave to amend is granted.  The amendment will not cause prejudice to the Brazilian Defendants, who were notified of the proceeding on January 6, 2023, and given an opportunity to respond by January 31, 2023.  See Block v. First Blood Associates, 988 F. 2d 344, 350 (2d Cir. 1993) (stating that "[i]n determining what constitutes 'prejudice,'"

3

courts should consider whether granting leave to amend would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute"). The amendment will also not prejudice CHIPS or the Fed-NY, who have not expended any resources on the requested discovery to date. Nor would the amendment, filed within a reasonable time after the Court's January 2021 Opinion and Order, unduly delay this proceeding.

The Amended Application is also not futile. "Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Tannerite Sports, LLC v. NBCUniversal News Group, 864 F.3d 236, 252 (2d Cir. 2017) (internal quotation marks omitted) (citing Thea v. Kleinhandler, 807 F.3d 492, 496-97 (2d Cir. 2015)). As will be explained, the Amended Application cures the deficiencies identified by the Court in denying the Original Application. For the same reason, the motion is not made in bad faith.

II. Amended Application

A section 1782 applicant must satisfy three mandatory factors in order to obtain discovery for use in a foreign proceeding. Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015). If the applicant satisfies the mandatory factors, the district court then weighs the four discretionary factors listed in Intel, 542 U.S. at 264-65.

The Court previously held that Ms. Abdalla's Original Application satisfied the three mandatory factors of section 1782 because (1) CHIPS and the Fed-NY are found or reside in this district, (2) Ms. Abdalla, who is the claimant in the Brazilian Proceeding, is an interested person, and (3) the materials sought by Ms. Abdalla are "for use" in the Brazilian Proceeding "to

4

the extent they would tend to show improper distribution of funds from the bank entity to its shareholders." (ECF 3 at 5-9.)

With respect to the discretionary Intel factors, the Court concluded that the first and second factors weighed in favor of the Original Application. The first factor – whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent" – favored Ms. Abdalla because CHIPS and the Fed-NY are not parties to the Brazilian Proceeding. (Id. at 9); Mees, 793 F.3d at 298 (quoting Intel, 542 U.S. at 264). The second factor – "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" – also favored Ms. Abdalla. The Court noted that "[t]here is no evidence . . . suggesting that Brazil or Brazilian Courts are unreceptive to requests by U.S. persons for judicial assistance" and that "[c]ourts in this district recently have granted requests for section 1782 discovery for use in Brazilian proceedings." (ECF 3 at 9-10 (citing cases)); Mees, 793 F.3d at 298 (quoting Intel, 542 U.S. at 264).

However, the Court denied the Original Application because the third and fourth Intel factors weighed against it. The Court concluded that the requested subpoenas were unduly intrusive and burdensome and that it was unclear whether Ms. Abdalla's section 1782 request was an attempt to circumvent Brazilian proof-gathering restrictions. The Amended Application cures those deficiencies by narrowing the scope of the subpoenas and providing additional context regarding the discovery requested by Ms. Abdalla in the Brazil Proceeding.

1. Third Factor: Whether the Request Circumvents
   Foreign Discovery Restrictions.

The third Intel factor considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

5

United States." Mees, 793 F.3d at 298 (quoting Intel, 542 U.S. at 264-65) (internal quotations omitted).

The Second Circuit has instructed that proof-gathering restrictions "are best understood as rules akin to privileges that prohibit the acquisition or use of certain materials." Mees, 793 F.3d at 303 n.20 (emphasis in original). As such, "there is a difference between a § 1782(a) request that seeks documents that cannot be obtained in a foreign proceeding because the foreign jurisdiction does not provide a mechanism for such discovery, and one that seeks documents that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents." In re Accent Delight International Ltd., 791 F. App'x 247, 251 (2d Cir. 2019) (summary order) (emphasis in original).

In considering whether discovery would be prohibited in the foreign proceeding, the district court should not "try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099 (2d Cir. 1995). Rather, the district court "should consider only authoritative proof" – based on the "forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures" – "that a foreign tribunal would reject evidence obtained with the aid of section 1782." Id. at 1100; see also In re Tiberius Group AG, 19-mc-467, 2020 WL 1140784, at *4 (S.D.N.Y. Mar. 6, 2020) ("Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third Intel factor implicated."). In keeping with these principles, "courts routinely grant § 1782 applications where the discovery sought might not be available in the foreign legal system, but is not explicitly prohibited from being acquired by way of a § 1782 application." In re Tiberius Group, 2020 WL 1140784, at *5 (citing Gorsoan

6

Ltd. v. Bullock, 652 F. App'x 7, 9 (2d Cir. 2016) (summary order); In re O'Keeffe, 650 F. App'x 83, 85 (2d Cir. 2016) (summary order)).

The third factor weighed "heavily against" Ms. Abdalla's Original Application. (ECF 3 at 11.)  The Court noted that it was unclear from the face of Ms. Abdalla's ex parte submissions "whether the discovery sought here circumvents Brazilian restrictions on fact gathering as applied to this case." (Id.)  The Original Application failed to "explain when her discovery application was made to the Brazilian Court, whether it was made on notice to the defendant in the Brazilian action, whether it was opposed or on what basis the information is discoverable." (Id.)

The Amended Application persuades the Court that Ms. Abdalla's request for discovery pursuant to section 1782 is not an attempt to circumvent Brazilian proof-gathering restrictions.  It states that Ms. Abdalla made her Brazilian discovery request on May 29, 2020, on notice to and without opposition from the Brazilian Defendants. (ECF 13-1 at 18-19 (citing ECF 13-2 ¶ 28, Ex. X; ECF 13-34 ¶ 8).)  It also explains that the records requested by Ms. Abdalla in Brazil are "discoverable under Brazilian law based on a few legal frameworks." (Id. at 19 (explaining frameworks) (citing 13-2 ¶¶ 7-10, Exs. C-F; 13-34 ¶ 11).)

The Brazilian Court "granted some discovery in the form of an accounting expert opinion" but has not ruled on Ms. Abdalla's requests for records from the Brazilian Central Bank, Brazilian Revenue Service, or Banco do Brasil. (ECF 13-1 at 18; ECF 13-27.)  Ms. Abdalla filed a motion for clarification, (ECF 13-28), which the Brazilian court denied "without explaining why," (ECF 13-1 at 18 (citing ECF 13-2 ¶ 31, ECF 13-29).)

On November 30, 2022, Ms. Abdalla submitted a letter to the Court providing an update on the status of the Brazilian Proceeding, which remained ongoing as of that date. (ECF

14.)  According to the letter and accompanying declaration of Ms. Abdalla's Brazilian counsel, Fabio Mesquita, Ms. Abdalla filed a motion in the Brazilian Proceeding on August 1, 2022, "renewing all her Brazilian discovery requests."  (ECF 14; ECF 14-1 ¶ 5.)  The August 1 motion "mentioned an offshore company" that was founded by one of the Brazilian Defendants, Cláudio Zarzur, and his wife.  (ECF 14-1 ¶ 5.)  Cláudio Zarzur responded to the motion on October 26, 2022, stating that the offshore company was not related to Banco BMD and that the statute of limitations applicable to the Brazilian Proceeding had expired.  (Id. ¶ 6.)  The November 30 submissions do not state, though they imply, that the Brazilian court has not ruled on the renewed request.

    The Amended Application also clarifies that the discovery requested here pursuant to section 1782 is different from that which Ms. Abdalla requested in Brazil.  (ECF 13-1 at 19-20.)  Specifically, because the Amended Application only covers the period from April 1, 2014, to present, it no longer overlaps with Ms. Abdalla's request in Brazil for Banco BMD's financial condition in 2011.  The Amended Application does not seek from either CHIPS or the Fed-NY (1) Banco BMD's financial statements from the Brazilian Central Bank, (2) Banco BMD's account statements from Banco do Brasil, or (3) the Brazilian Defendants' tax returns – those records are not in the possession of CHIPS or the Fed-NY.  Rather, the Amended Application seeks (1) from CHIPS, records of all wire transfers processed through CHIPS for the 12 enumerated individuals and entities, and (2) from the Fed-NY, all documents and communications relating to "any payment, transaction, conveyance, wire, debit, credit, payment messages and/or payment orders to, from, for the benefit of, on behalf of, or at the request of any of the" enumerated individuals or entities.  (ECF 13-3; ECF 13-4.)

8

With the benefit of the further information provided by Ms. Abdalla's Amended Application, the Court concludes that her request is not an attempt to circumvent Brazilian proof-gathering restrictions. There is no "authoritative proof" that discovery of the requested materials is prohibited in Brazil or that the Brazilian court would reject evidence obtained pursuant to section 1782. Euromepa, 51 F.3d at 1100; In re Tiberius Group, 2020 WL 1140784, at *4. The Brazilian Defendants have been given an opportunity to present such proof, and they have declined to do so.

The third Intel factor weighs in favor of the Amended Application.

2. Fourth Factor: Whether the Subpoenas Are Unduly Intrusive and Burdensome.

The fourth Intel factor considers "whether the request is unduly intrusive or burdensome." Mees, 793 F.3d at 298 (quoting Intel, 542 U.S. at 264-65) (internal quotations omitted). "[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." Id. at 302. The text of Rule 26(b)(1), Fed. R. Civ. P., provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."

A court may deny a section 1782 application in its entirety if "is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials." Id. at 302 n.18 (citing Euromepa, 51 F.3d at 1101 n.6); see also Fed R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . .").

9

The Court concluded that the Original Application was "unduly intrusive and burdensome." (ECF 3 at 12.) Ms. Abdalla initially sought records pertaining to 93 individuals and entities, including offshore companies owned by the Brazilian Defendants and their family members. The requested subpoenas covered the period from January 1, 1998, to present. The Court concluded that the "sheer number of entities and broad time span [bespoke] of a fishing expedition" and the request was not narrowly tailored to address the circumstances or time period relevant to the Brazilian Proceeding. (Id.)

The Amended Application reduces the number of persons and entities from 93 to 12 and narrows the temporal scope of the subpoenas to the period from April 1, 2014, to present. (ECF 13-1 at 21.) More specifically, Ms. Abdalla has removed the offshore companies from the list of subpoena targets and now seeks materials only from the 9 individual Brazilian Defendants, "the members of the BMD and Retour economic groups, and their affiliated entities, shareholders and beneficial owners." (Id. at 22.)

The Amended Application, like the Original Application, seeks to obtain evidence showing a pattern of commingling of funds between Retour and the Brazilian Defendants. Ms. Abdalla has explained that the Brazilian Defendants have argued in the Brazilian Proceeding that "they cannot be held liable to [Ms. Abdalla] as individuals and that only one of the various Retour entities can be held responsible to satisfy the debts owed to [her]." (ECF 5 at 12 (citing ECF 10 ¶ 30).) She maintains that she can recover against each of the Retour entities if it can be shown that they commingled funds, and that the Brazilian Defendants may be held individually liable for the debts owed if it can be shown that they transferred funds from the various Retour entities and commingled these funds with their own. (Id. (citing ECF 10 ¶ 29).)

The Court concludes that Ms. Abdalla's request for discovery pursuant to section 1782, as narrowed in the Amended Application, is not unduly intrusive or burdensome. In addition, the issuance of the subpoenas is without prejudice to the rights of CHIPS and the Fed-NY under Rule 45, Fed. R. Civ. P.

CONCLUSION

The Court grants Ms. Abdalla leave to amend because the Amended Application will not prejudice the Brazilian Defendants, CHIPS, or the Fed-NY, will not unduly delay the proceeding, is not futile, and is not made in bad faith.

Additionally, the Amended Application cures the deficiencies that warranted denial of the Original Application. Accordingly, the Amended Application is granted.

SO ORDERED.

                                                                          _____
                                                                          P. Kevin Castel
                                                                          United States District Judge

Dated: New York, New York
           April 12, 2023